# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF TEXAS,
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARILYNN RESENDEZ,** <br> **Plaintiff,** | § § § § § § § | |
| v. | § § | Civil Action No. _____ |
| | § § § | |
| **AVANTE SALON AND DAY SPA, LLC,** <br> **Defendant.** | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES** Marilynn Resendez, Plaintiff, individually, complaining of Defendant, Avante Salon and Spa, LLC, for cause and would show the Honorable Court as follows:

### A. PARTIES

1. Plaintiff, Marilynn Resendez ("Ms. Resendez"), is an individual that is a citizen/resident of

2. Defendant, Avante Salon and Day Spa, LLC ("Avante"), is a limited liability company that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent Jacqueline Hughes, at 907 Ashland Court, Mansfield, Texas 76063.

### B. JURISDICTION

3. The Court has jurisdiction over the lawsuit because the suit arises under Title VII of the

1964 Civil Rights Act. 42 U.S.C. §2000e-2. Specifically, Plaintiff suffered unlawful employment discrimination due to her race and ethnicity.

### C. VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practice was committed in this state. Specifically, the unlawful employment practice was committed in Mansfield, Tarrant County, Texas.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. FACTS

6. Plaintiff is a professional hair stylist.

7. Defendant owns and operates Avante Salon and Day Spa. Defendant is in the business of providing hair styling services to the general public.

8. Plaintiff began working for Defendant on April 3, 2018.

9. Plaintiff was hired as a level 1 Stylist.

10. Defendant classifies their stylist according to experience and tenure by designating each stylist a "level."

11. Defendant's classification of "levels" is based on each individual stylist. Thus, the "level" designation is not based on any objective criteria.

12. Under the terms of employment, Plaintiff was promised a 45% commission on all sales.

13. As part consideration of Plaintiff's employment with Defendant, Plaintiff signed a non-

compete contract with Defendant.

14. During Plaintiff's employment with Avante, Plaintiff was subjected to a hostile and discriminatory work environment.

15. As a result of Plaintiff's Mexican descent, Plaintiff was asked by management if she was the "cleaning lady" despite management being fully aware of her employment. Such action subjected Plaintiff to harmful and discriminatory stereotypes associated with individuals of Plaintiff's ethnicity.

16. Further, Caucasian co-workers, as part of the general work environment would consistently and repeatedly make "Mexican jokes." Such jokes were so rampant and accepted that Plaintiff feared losing her employment if she expressed her discomfort.

17. Plaintiff's fear was based on the general work environment which created a "running joke" about people of Mexican descent. For instance, the racial epithet "beaner" would be used on a daily occurrence by several employees, regardless of ethnicity.

18. Mexican jokes were not the only harmful stereotypes and acceptable "jokes" permitted by Defendant. Other types of permitted jokes included "jokes" about the Black Lives Matter movement and "jokes" about Asian people being "chinks."

19. In addition to the hostile work environment allowed and perpetuated by Defendant, employees of color received disproportionately more severe discipline in comparison to their Caucasian counterparts. For instance, employees of color would be terminated while Caucasian employees would be reprimanded or not disciplined at all.

20. Defendant's discriminatory practices culminated during the COVID-19 epidemic.

21. On March 22, 2020, in response to the COVID-19 epidemic, non-essential businesses such as salons and spas were closed.

22. As a result of the closure, Avante employees, including Plaintiff, were furloughed. Defendant encouraged furloughed employees to apply for unemployment benefits and promised all employees on a Zoom video call that they would be recalled soon.

23. On May 6, 2020, during a Zoom video call, Avante asked furloughed employees to prepare for reopening by emailing their availability for return to Defendant.

24. Plaintiff emailed Defendant advising she was ready to return to work on May 18, 2020.

25. Shortly thereafter, Plaintiff started receiving messages from Avante clients, who frequently preferred Plaintiff's service, asking why she was not available as many clients attempted to make appointments during Plaintiff's scheduled time.

26. Plaintiff immediately contacted Defendant to inquire why she was not on the schedule, but was informed that she needed to have a meeting with management and ownership to sign new rehire paperwork. Plaintiff agreed, but Defendant did not respond with a specific time.

27. Plaintiff continued to inquire with Defendant about the scheduled meeting to sign the rehire paperwork. Defendant did not respond.

28. Finally, on May 18, 2020, after another attempt by Plaintiff to set a meeting for rehire, Plaintiff was informed by Defendant that she was not being rehired, but that the non-compete clause was still enforceable.

### F. DISCRMINATION UNDER TITLE VII

29. Plaintiff incorporates paragraphs 1 to 28 as if fully stated in this section.

30. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff is of Mexican descent and thus fall under the category of race and ethnicity.

31. Plaintiff was employed as a hair stylist by Defendant. Plaintiff was responsible for

servicing clients by providing cosmetology services and selling of hair and beauty products.

32. Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. Specifically, Defendant is regularly engaged in the business of selling cosmetology services and products to the general public.

33. Defendant intentionally discriminated against Plaintiff because of her race and ethnicity in violation of Title VII by using the COVID-19 pandemic as a pretext to terminate Plaintiff.

34. Defendant created a hostile work environment through its discriminatory words and actions towards Plaintiff because of Plaintiff's race and ethnicity. This conduct was so severe that it altered the terms and conditions of plaintiff's employment and interfered with Plaintiff's work performance/created an intimidating, hostile, and offensive work environment. Specifically, Defendant tolerated and perpetuated a work environment where "being Mexican" or of Mexican descent was consistently a joking matter. Further, Defendant's employees used racial epithets such as "beaner" on a regular basis by Caucasian employees. Finally, jokes about issues related to the black community such as the Black Lives Matter movement were mocked and ridiculed and racial epithets such as "chinks" were used to describe people of Asian descent. Plaintiff was subjected to constant "Mexican jokes" that she did not report for fear of retaliation.

35. Defendant is directly liable because it was negligent in remedying the discriminatory conduct. Defendant should have been aware as a reasonable employer, that Defendant's

work environment tolerated and perpetuated constant harmful stereotypes regarding people of Mexican descent.

36. Defendant is strictly liable for its discriminatory conduct because Defendant took a tangible employment action against Plaintiff that significantly changed plaintiff's employment status. Plaintiff was not rehired by Defendant despite Defendant's stating Plaintiff would be rehired. Further, Defendant continued to invoke the non-compete clause in Plaintiff's employment contract despite terminating Plaintiff's employment.

## G. DAMAGES

37. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

    a. Plaintiff was discharged from employment with defendant. Although plaintiff has diligently sought other employment, she has been unable to find a job. In addition, plaintiff has incurred expenses in seeking other employment.

    b. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Therefore, plaintiff seeks an award of front pay and retirement benefits to compensate her.

## H. ATTORNEY FEES & COSTS

38. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## I. JURY DEMAND

39. Plaintiff demands trial by jury on all claims so triable.

## J. PRAYER

40. For these reasons, plaintiff asks for judgment against defendant for the following:

a. back pay; front pay; compensatory damages.

c. prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

d. reasonable attorney fees.

e. Costs of suit.

f. All other relief the Court deems appropriate.

    Respectfully submitted,

    MANUEL DIAZ LAW FIRM, P.C.

    By: _____
    Jeffery R. Morrow
    Texas Bar Number: 24091066
    8100 John W. Carpenter Freeway
    Suite 200
    Dallas, Texas 75247
    E-mail: jefferym@diazlf.com
    Tel.: 214-800-2086
    Fax: 972-330-2449
    ATTORNEY IN CHARGE FOR PLAINTIFF,
    Marilynn Resendez

Nov. 4. 2020 3:49PM



EEOC Form 161 (11/16)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Marilynn Resendez<br>2048 brazos ct.<br>Grand Prairie, TX 75052 | From: | Dallas District Office<br>207 S. Houston St.<br>3rd Floor<br>Dallas, TX 75202 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2020-04499 | Juan F. Munoz,<br>Intake Supervisor | (972) 918-3607 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

for _____  9/2/2020

Enclosures(s)    Belinda F. McCallister,    (Date Mailed)
                 District Director

cc: **Falan Avante**
    **Manager**
    **AVANTE SALON AND DAY SPA**
    **1233 E. Debbie Lane**
    **Mansfield, TX 76063**